Case 5:07-cv-01470-CBM-AN   Document 13   Filed 12/18/07   Page 1 of 3   Page ID #:5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| NORMAN BROWN,<br><br>    Petitioner,<br><br>v.<br><br>L. E. SCRIBNER, Warden,<br><br>    Respondent. | Case No. EDCV 07-01470 CBM (AN)<br><br>ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |

On October 24, 2007, petitioner Norman Brown, a state prisoner proceeding in pro se, filed his pending habeas petition pursuant to 28 U.S.C. §2254 in the United States District Court for the Southern District of California. Subsequently, on November 7, 2007, the Southern District transferred the petition to this Court because it was apparently under the impression that the petition "attacks a judgment of conviction that was entered in the Riverside County Superior Court," which is within the Central District of California. (11/2/07 Order (JAH) at 1:25-28 (Docket No. 4).)

However, pursuant to the Court's duty to conduct a pre-service screening of habeas petitions,[1] this Court finds that it plainly appears from the face of the Petition that it is brought for the express purpose of attacking the execution of Petitioner's sentence,

---

[1] See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

1 | not his judgment of conviction or sentence itself. Specifically, the Petition expressly states it constitutes Petitioner's attack or "first challenge" to the "calculation of [Petitioner's] release date." (Petition, pages 1and 2.) It also plainly appears from the face of the Petition that Petitioner is confined at the Calipatria State Prison in Imperial County, which is located within the Southern District of California. *See* 28 U.S.C. § 84(d).

Venue for a habeas action is proper in either the district of confinement or the district of conviction. *See* 28 U.S.C. §2241(d). When a habeas petition attacks the petitioner's underlying judgment of conviction or sentence, the district court for the district in which the petitioner was convicted and sentenced is a more convenient forum because of the accessibility of evidence, records and witnesses. Thus, it generally is the practice of the district courts in California to transfer habeas actions questioning state convictions/sentences to the district in which the petitioner was convicted and sentenced. *See Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

However, when as here, the petition is directed to the manner in which a sentence is being executed, the district of confinement is the preferable forum. *See Dunn v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined."); *Russo v. Newland*, 2000 WL 194812, *1 (N.D. Cal.); *accord, In re Phelon*, 2002 WL 31618536, *1 (N.D. Cal.); *Thomas v. Hepburn*, 2001 WL 505916, *1 (N.D. Cal.); *McKnight v. Forman*, 1997 WL 50267, *1 (N.D. Cal.).

As discussed above, by his Petition, Petitioner expressly attacks the execution of his sentence, specifically, the California Department of Corrections's calculation of his release date, not his judgment of conviction or sentence itself. The face of the Petition also establishes Petitioner is currently imprisoned within the Southern District of California. Accordingly, the Court finds the proper forum is the Southern District of California since it is the judicial district of Petitioner's confinement.

///

Based upon the foregoing, the reference to the Magistrate Judge is vacated.

Further, pursuant to 28 U.S.C. §§ 1404(a) and 2241(d), and in furtherance of the interest of justice,

**IT IS ORDERED** that the Clerk of this Court transfer this matter back to the United States District Court for the Southern District of California.

**IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

DATED: Dec. 14, 2007

CONSUELO B. MARSHALL
SENIOR DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge